UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| REBECCA MARTINEZ, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:18-CV-220-JTM-JEM |
| | ) | |
| COLOPLAST CORP., and COLOPLAST MANUFACTURING US, LLC, | ) ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendants Coloplast Corp. and Coloplast Manufacturing US, LLC's Motion to Quash Notices of Deposition and for a Protective Order [DE 111], filed August 31, 2020. Defendants request that the Court quash depositions of Plaintiff's expert witnesses and enter a protective order prohibiting their deposition until Defendants have completed their expert discovery or Plaintiff has demonstrated the necessity of a preservation deposition. Plaintiff filed a response on September 14, 2020, including her own request to compel. Defendants filed a reply on September 21, 2020, and on September 28, 2020, Plaintiff filed a reply in support of her request to compel.

**I.     Background**

Plaintiff filed a Complaint seeking damages for injuries alleged to have been caused by pelvic mesh implantation. On June 6, 2018, she filed her Complaint in this court, incorporating the short form complaint from the Multi District Litigation (MDL) addressing alleged pelvic mesh implantation injuries and specifically alleging injuries from Restorelle. On December 11, 2018, Plaintiff filed an Amended Complaint laying out her specific claims. After a number of defendants were dismissed from the case, on May 1, 2019, the remaining parties filed an amended report of

1

parties' planning meeting, and the Court adopted most of the proposed deadlines and discovery limits at the pretrial conference held May 8, 2019. Defendants Ethicon and Johnson & Johnson were dismissed on January 29, 2020, and Plaintiff is now proceeding only against Coloplast Corp and Coloplast Manufacturing US, LLC.

Defendants represent that Plaintiff wishes to depose two of her own expert witnesses, before the parties have completed expert discovery and before Defendants have taken a discovery deposition of the experts. They seek to have the notices of deposition quashed and a protective order entered prohibiting Plaintiff from taking preservation depositions of the experts in these circumstances. Plaintiff argues that Defendants cannot meet their burden of showing that a protective order is necessary, and requests that the Court compel the depositions to proceed as noticed.

**II.     Analysis**

Federal Rule of Civil Procedure 26 provides, in relevant part: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). As to expert discovery, it provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial," but only "after the report is provided." Fed. R. Civ. P. (b)(4)(A). Federal Rule of Civil Procedure 26 also allows the Court, for good cause, to issue an order to protect a party from

2

discovery "from annoyance, embarrassment, oppression, or undue burden or expense," including "specifying terms, including time and place . . . for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1). Rule 26(c) "essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense." *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) (quotations omitted). "The party moving for a protective order must establish that good cause exists for the Court to exercise its discretion in entering a protective order." *Nieves v. OPA, Inc.,* 948 F. Supp. 2d 887, 891 (N.D. Ill. 2013).

As an initial matter, the Court reminds Plaintiff that motions must be filed separately from response briefs. *See* N.D. Ind. L.R. 7-1(a). Accordingly, Plaintiff's request to compel the depositions of her expert witnesses will not be addressed as a separate motion, although her arguments in response were considered.

Defendants request that the Court quash Plaintiff's notices of trial preservation depositions of her retained experts. Defendants explain that they have not yet taken a deposition of Plaintiff's experts, and requiring them to cross examine the experts at a preservation deposition without having fully explored their opinions would cause prejudice. Plaintiff argues that there is no set rule about the order depositions must be taken in and she will suffer prejudice if she cannot take her experts' depositions before Defendants do.

Defendants argue that they would be prejudiced by allowing Plaintiff to depose her own experts now, before they have the opportunity to depose the experts. They assert that the only reason for allowing the depositions at this stage would be to preserve the testimony for trial, but that there has been no showing that the witnesses are unavailable for trial. Defendants argue that they will

3

suffer prejudice by having to conduct a trial-worthy cross examination in a preservation deposition without first conducting a typical expert deposition, and that they also will be prejudiced in other cases if this deposition is used in those cases.

Plaintiff argues that there is no set rule about the order of depositions and that her experts are particularly vulnerable to the ongoing COVID-19 pandemic, but that she should not have to show unavailability now in order to take preservation depositions. She argues that Dr. Blaivas and Dr. Mays have been witnesses in transvaginal mesh MDLs, so Defendants have plenty of information about the experts and their methodologies from that earlier testimony to enable cross-examination in this case.

Plaintiff also argues that because the parties agreed not to engage in duplicative general expert discovery, Defendants should not be permitted to depose Drs. Blaivas and Mays before she does. Plaintiff argues that in discussing discovery in this case, the parties "agreed not to take second depositions" and therefore that Defendants should not be permitted to depose Plaintiff's experts except as cross-examinations after she takes preservation depositions. Plaintiff refers to the report of parties' planning meeting that states: "In light of the bellwether trials and other trials in the Ethicon MDL and the substantial discovery conducted to date on the Ethicon defendants' products, the parties will not engage in duplicative general expert discovery." Rep. ¶ 4 [DE 50]. Plaintiff argues that both experts been deposed about the transvaginal implant of polypropylene mesh in the MDLs, so no additional depositions by Defendants are necessary.

Defendants note that the sentence relied on by Plaintiff from the parties' report limits discovery in the context of the Ethicon products, and Ethicon is no longer in the case. However, the parties also agreed:

4

> To the extent any party designates an expert to offer general opinions that are the same as the general opinions that the expert has already disclosed and been deposed on in either the MDL or in another state court proceeding, the parties agree that they will use the prior deposition and not re-depose the expert on those general opinions. To the extent a general causation expert is not deposed in the MDL, the parties reserve the right to take these depositions in this case prior to the close of discovery in this case.

Rep. ¶ 4 [DE 50]. Defendants argue that they have never taken the deposition of Dr. Blaivas, and that his depositions in other pelvic mesh MDLs were about other manufacturers' products, not about his opinions regarding Coloplast's surgical mesh implants. Although Defendants agree that Dr. Mays was deposed in the Coloplast MDL, they argue that his report in this case is substantially different from that in the MDL.

In short, Plaintiff argues that she should be permitted to conduct a preservation deposition of her experts, with Defendants to cross-examine them, but that Defendants should not be permitted to take expert depositions of her experts, and that she should not be required to show that the experts will be unavailable for trial before taking their depositions. Defendants argue that Plaintiff cites no authority for her assertion that the parties should conduct discovery in the way that makes the most sense for Plaintiff's case, rather than in the usual course of discovery, in which Defendants depose Plaintiff's experts after disclosure.

Prior to 1970, "priority to question a witness was given to the party who issued the notice of deposition. This rule was abolished" in the 1970 iteration of the Federal Rules of Civil Procedure. *Lumpkin v. Kononov*, No. 2:12-CV-320, 2013 WL 1343666, at *1 (N.D. Ind. Apr. 3, 2013). The Advisory Committee Comments that year explained that the change was intended "to eliminate any fixed priority in the sequence of discovery, and . . . to make clear and explicit the court's power to establish priority by an order issued in a particular case." 48 F.R.D. 487, 506. The current iteration

5

of Rule 26 provides, "Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3). The fact that Plaintiff requested certain depositions first does not direct the order in which the depositions occur, and the Court is vested with authority to direct deposition priority.

Plaintiff argues that she should be permitted to take preservation depositions, and that Defendants cannot meet their burden of showing good cause for the issuance of a protective order. Although she argues that she should not have to show the unavailability of witnesses now, she gives a number of reasons why her experts might not be available to testify at trial and asserts that her preferred order of deposition is preferable in case the experts are unavailable and the depositions are used at trial. Defendants argue that they should not be bound by a preservation deposition of experts taken before discovery depositions, since allowing Plaintiff to depose her experts first would unfairly prejudice Defendants, and that Plaintiff has not demonstrated the need for preservation depositions. *See* Fed. R. Civ. P. 32(a)(4) (providing for the use of a deposition at trial when a witnes is unavailable).

The Court does not see any reason to deviate from the typical order of depositions in this case: Defendants may conduct a discovery deposition of Plaintiff's expert witnesses, and need not be bound by Plaintiff's guess that she may need a preservation deposition at some point in the future. *See Griffin v. Foley*, 542 F.3d 209, 221 (7th Cir. 2008) ("The obvious purpose of discovery is to determine the opinions and positions of the opposition's witnesses and prepare for cross-examination. Had there not been some gap in time between the discovery depositions and the

6

cross-examination of [plaintiffs]' experts, [defendant]'s attorneys would not have been able to effectively prepare for cross-examination."). Furthermore, Defendants are not precluded from taking the expert depositions of Drs. Blaivas and Mays because it appears that their testimony in this case differs from the opinions that they have been deposed on previously. The use of video technology to take depositions should mediate concerns about the threat that travel and in-person gatherings pose to the experts during the ongoing pandemic. If, after the close of discovery, a witness becomes actually unavailable for trial, the affected party can request a preservation deposition at that point. *Bamcor LLC v. Jupiter Aluminum Corp.*, No. 2:08 CV 194, 2010 WL 4955545, at *1 (N.D. Ind. Nov. 29, 2010) ("When a party opposes a trial deposition scheduled for after the close of discovery, the court must assess whether the deposition is being taken for the purpose of preserving testimony or whether it is a pretext for the party's failure to procure the deposition during the discovery period. The court should consider a variety of factors in making this determination, including the unavailability of the witness for trial, the potential for prejudice to the opposing party, and whether the deposing party knew the information the potential witness would testify to prior to the deposition."); *see also Estate of Gee ex rel. Beeman v. Bloomington Hosp. & Health Care Sys., Inc.*, No. 1:06-CV-00094-TWP, 2012 WL 729269, at *6 (S.D. Ind. Mar. 6, 2012) (noting the court "has previously recognized the practical distinction between trial depositions and discovery depositions").

### III. Conclusion

As described above, the Court hereby **GRANTS** Defendants Coloplast Corp. and Coloplast Manufacturing US, LLC's Motion to Quash Notices of Deposition and for a Protective Order [DE 111], **QUASHES** Plaintiff's notices of deposition for her expert witnesses, Dr. Blaivas and Dr. Mays, and **ORDERS** Plaintiff to make her expert witnesses available for expert depositions.

Because the motion is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); *see also* Fed. R. Civ. P. 26(c)(3) (providing that "Rule 37(a)(5) applies to the award of expenses" in an action for protective order). Accordingly, the Court **ORDERS** Defendants to file, by **February 23, 2021**; an itemization of costs and fees, including attorney's fees, incurred in making the Motion, with Plaintiff to file a response by **March 9, 2021**, and Defendants to file a reply, if any, by **March 16, 2021**.

Because this matter has been resolved on the filings and no hearing was necessary, the Court **DENIES as moot** the Request for Oral Argument [DE 119].

SO ORDERED this 10th day of February, 2021.

                                              s/ John E. Martin
                                              MAGISTRATE JUDGE JOHN E. MARTIN
                                              UNITED STATES DISTRICT COURT

cc:    All counsel of record