UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| REBECCA MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-220 |
| | ) | |
| COLOPLAST CORP. & COLOPLAST MANUFACTURING US, LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion for Discovery Sanctions [DE 139], filed by the defendants, Coloplast Corp. and Coloplast Manufacturing US, LLC, on May 14, 2021. For the following reasons, the motion is **GRANTED with relief different than requested.**

*Background*

The plaintiff, Rebecca Martinez, initiated this lawsuit on June 6, 2018, alleging injuries she sustained from a defective pelvic mesh implantation device manufactured by the defendants, Coloplast Corp. and Coloplast Manufacturing US, LLC.

On May 14, 2021, the defendants filed the instant motion requesting court-imposed sanctions for the plaintiff's alleged misconduct during the discovery process. Specifically, the defendants argue that the plaintiff's misconduct included serving three amended expert reports after the court-imposed deadline, conducting videotaped depositions of two experts in violation of the court's February 10, 2021 Order[1], and making improper speaking objections during

---

[1] On April 29, 2021, the parties consented to the undersigned Magistrate Judge. The February 10, 2021 Order was entered by Magistrate Judge John E. Martin.

depositions. On May 28, 2021, the plaintiff responded in opposition [DE 141], and on June 4, 2021, the defendants replied [DE 143].

*Discussion*

"**Federal Rule of Civil Procedure 37(b)(2)(A)** grants the district courts the power to impose appropriate sanctions for violations of discovery orders" and permits them "wide latitude in fashioning appropriate sanctions." ***E360 Insight, Inc. v. Spamhaus Project***, 658 F.3d 637, 642 (7th Cir. 2011) (quoting ***Johnson v. Kakvand***, 192 F.3d 656, 661 (7th Cir. 1999)); ***Solomon v. Wardlaw Claim Serv., LLC***, 2018 WL 6722334, at *1 (N.D. Ind. Dec. 21, 2018) (internal quotations and citations omitted). In determining whether sanctions are appropriate, conduct during the discovery process should be considered "not in isolation but in light of 'the entire procedural history of the case.'" ***Royce v. Michael R. Needle P.C.***, 950 F.3d 939, 958 (7th Cir. 2020) (quoting ***Long v. Steepro***, 213 F.3d 983, 986 (7th Cir. 2000)).

First, the defendants claim that the plaintiff violated the court's Rule 16 deadlines when she served three amended expert reports after the September 1, 2020 deadline. On August 10, 2020, the plaintiff timely served Dr. Jerry Blaivas' initial expert report. On March 5, 2021, the plaintiff served Dr. Blaivas' first amended report, and on March 18, 2021, two hours before Dr. Blaivas' deposition was scheduled to begin, the plaintiff served a second amended report. As a result, Dr. Blaivas' deposition had to be rescheduled to April 8, 2021. On May 4, 2021, the plaintiff served an addendum to Dr. Blaivas' second amended report. The defendants contend that the untimely disclosures have prejudiced their ability to conduct an effective deposition of Dr. Blaivas. Therefore, the defendants request that the court strike the plaintiff's untimely reports, prohibit any future modification of the original report, and allow the them opportunity to take the deposition of Dr. Blaivas based on the final expert report at the plaintiff's expense.

The plaintiff represents that she served the late amended reports for the purpose of shortening and clarifying the content of the initial report. Therefore, the plaintiff argues that she "helped, not hurt" the defendants. The plaintiff also claims that the defendants failed to point to any substantial changes in the reports that prejudiced them. Even so, the plaintiff claims that the defendants were notified in the timely August 2020 report that it "reserve[d] the right to amend or supplement th[e] report if additional information bec[a]me available."

As an initial matter, the plaintiff's argument that she reserved the right to amend or supplement the initial August 2020 report is incorrect. If the court allowed the plaintiff to do this, the Rule 16 deadlines would be meaningless. Any party must request leave of court to amend discovery responses after the court imposed deadline.

Since the plaintiff claims that the March 5, 2021 and March 18, 2021 amended reports were served for clarification purposes only, it can be presumed that the amendments added no new information. Based on this, and the untimely disclosures, the court **STRIKES** the March 5, 2021 and March 18, 2021 amended reports as well as the May 4, 2021 addendum. If the plaintiff wishes to amend or modify her expert reports, she may request leave of court to do so. Finally, the defendants request that the court grant them the opportunity to take the deposition of Dr. Blaivas based on his final report, however, since the court is striking all but his initial report, an additional deposition is not necessary.

Next, the defendants claim that the plaintiff violated the February 10, 2021 Order [DE 121], which prohibited the plaintiff from videotaping the depositions of two of her own experts. Specifically, the court held:

> The Court does not see any reason to deviate from the typical order of depositions in this case: Defendants may conduct a discovery deposition of Plaintiff's expert witnesses, and need not be bound by Plaintiff's guess that she may need a preservation deposition at some point in the future

3

> … [i]f, after the close of discovery, a witness becomes actually unavailable for trial, the affected party can request a preservation deposition at that point.

[DE 121].

On April 7, 2021, the plaintiff served a cross-notice of deposition indicating that she intended to conduct videotaped depositions of Dr. Blaivas and Dr. Michael Margolis. Over the defendants' objection, the plaintiff videotaped both depositions. In the instant motion, the defendants request that the court prohibit the plaintiff from making use of the two videotaped depositions in this case or any other case, or in the alternative, allow the defendants to conduct their own videotaped depositions of the doctors at the plaintiff's expense.

In response, the plaintiff claims that she properly noticed and videotaped the experts' depositions and that her actions should not be construed as an attempt to conduct trial preservation depositions because she stated on the record that these witnesses would likely testify live at trial. The plaintiff expressed that her reasoning for videotaping the depositions was because she "do[es] not have a crystal ball. If one or both witnesses become unavailable for trial, the [she] will notify the [d]efendants, and only then should the matter be addressed."

As an initial matter, the court finds that the plaintiff's actions were in direct violation of February 10, 2021 Order [DE 121]. The plaintiff's reasons for videotaping the depositions of Dr. Margolis and Dr. Blaivas are specious. As a result, the plaintiff is prohibited from making use of the two recorded depositions in this case. If at some point either witness *actually* becomes unavailable, the plaintiff can request leave of court to conduct an evidentiary deposition of the unavailable witness. The defendants request that the court prohibit the use of the videotaped depositions in other cases. However, this court does not have authority to rule on discovery or evidentiary issues in other cases.

Lastly, the defendants claim that the plaintiff's counsel engaged in a pattern of disruptive and abusive speaking objections during depositions. Specifically, the defendants allege that the plaintiff's counsel's objections were meant to slow down the deposition and allow him time to coach his witnesses. The court agrees that the plaintiff's counsel's objections were unwarranted. The plaintiff's counsel is **WARNED** that, if continued, this type of behavior may result in additional sanctions.

For all of the reasons discussed above, the motion [DE 139] is **GRANTED with relief different than requested**. The court **STRIKES** the March 5, 2021 and March 18, 2021 amended reports as well as the May 4, 2021 addendum. Additionally, the court **ORDERS** the plaintiff to refrain from using the videotaped depositions of Dr. Blaivas and Dr. Margolis in this case. Lastly, the defendants' request for the fees incurred in bringing this motion is **GRANTED**.

The court **ORDERS** the defendants to file an affidavit detailing the costs and fees associated with the filing of the instant motion and for attending the improper potions of the depositions of Dr. Blaivas and Dr. Margolis **on or before June 29, 2021**.

ENTERED this 15th day of June, 2021.

/s/ Andrew P. Rodovich
United States Magistrate Judge